ORIGINAL 

christineduenasple

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 08-00013 |
|---|---|
| Plaintiff, | ) AMENDED |
| | ) PLEA AGREEMENT |
| vs. | ) |
| CHRISTINE M. DUENAS, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, CHRISTINE M. DUENAS, enter into the following plea agreement:

1. The defendant agrees to plead guilty to Count III of an Indictment charging her with Establishment of Manufacturing Operations, in violation of Title 21, United States Code, Section 856(a)(2). The Government agrees to move to dismiss Counts I and II at the time of Sentencing.

2(a) The defendant, CHRISTINE M. DUENAS, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of trafficking in controlled substances, money laundering and other related offenses. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which she is pleading guilty. Cooperation will also include complying

with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 11, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam and the District of the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during her

//

cooperation with the United States. This agreement is limited to crimes committed by defendant in the Districts of Guam or the CNMI.

3. The defendant, CHRISTINE M. DUENAS, understands and agrees that any and all assets or portions thereof acquired or obtained by her as a direct or indirect result of her drug trafficking shall be surrendered to the United States or any lawful agency as may be directed by the Court.

4. The defendant, CHRISTINE M. DUENAS, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in drug trafficking and money laundering activities and her knowledge of other person's involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

5. The defendant, CHRISTINE M. DUENAS, understands that the <u>maximum</u> sentence for Establishment of Manufacturing Operation is a term of imprisonment of not more than twenty (20) years, $500,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of not more than three (3) years supervised release in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

5(b) If defendant cooperates as set forth in Paragraphs 2, 3, and 4 the government will recommend that defendant receive the statutory minimum, or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater.

5(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to 18 U.S.C. § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range, when fixing

-3-

a sentence for defendant or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a departure for substantial assistance. Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided substantial assistance which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

> (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;
>
> (3) the nature and extent of defendant's assistance;
>
> (4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and
>
> (5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

5(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

-4-

6. The defendant understands that to establish a violation of Establishment of Manufacturing Operations, as charged pursuant to 21 U.S.C. § 856(a)(2), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: the defendant controlled #26 Consolacion Street, Asan, Guam;

<u>Second</u>: the defendant did so as a lessee; and

<u>Third</u>: the defendant knowingly and intentionally made available for use with or without compensation #26 Consolacion Street, Asan, Guam for the purpose of unlawfully manufacturing methamphetamine hydrochloride.

7. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1979, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Beginning in or about September 2007 to and including January 7, 2008, the defendant, Christine M. Duenas managed #26 Consolacion Street, Asan, Guam, as a lessee. During the time frame between September 2007 to and including January 7, 2008, Christine M. Duenas intentionally and knowingly made the residence at #26 Consolacion Street, Asan, Guam, available for use by Joshua J.C. Ulloa, Christopher Grantham, Vanessa Tenorio and Jonathan Ninete, with or without compensation, for the purpose of unlawfully manufacturing not more ~~methamphetamine~~ than five (5) grams of methamphetamine.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final

-5-

sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. Defendant understands that whether she has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

10. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

-6-

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions

-7-

under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 3/13/08

CHRISTINE M. DUENAS
Defendant

DATED: 3/10/08

JOAQUIN ARRIOLA, JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 3/14/08

By: ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 3/14/08

JEFFREY J. STRAND
First Assistant U.S. Attorney

-8-