JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant *CHRISTINE M. DUENAS*

**FILED**
**DISTRICT COURT OF GUAM**
JUL 2 8 2008
**JEANNE G. QUINATA**
Clerk of Court

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. **CR08-00013-002** |
| Plaintiff, ) | |
| vs. ) | |
| ) | **DEFENDANT CHRISTINE M. DUENAS'** |
| CHRISTINE M. DUENAS, ) | **OBJECTIONS TO PRESENTENCE** |
| ) | **INVESTIGATION REPORT** |
| Defendant. ) | |

COMES NOW Defendant CHRISTINE M. DUENAS, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and objects, pursuant to Rules 32(f) of the Federal Rules of Criminal Procedure, to the Presentence Investigation Report ("PSR") submitted on July 14, 2008. Defendant Duenas objects to the sentencing guideline range contained in the PSR, specifically to (1) the enhancement based on a factual finding that the underlying offense created a substantial risk of harm to a minor, (2) the factual finding that Duenas's participation in the underlying offense was more than allowing use of the premises; and (3) the inclusion of information that is incorrect and/or irrelevant to the offense to which Duenas pled guilty.

Dated at Hagåtña, Guam: July 28th, 2008.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *Christine M. Duenas*

For JOAQUIN C. ARRIOLA, JR.

# MEMORANDUM

## I. DUENAS OBJECTS TO THE SENTENCING GUIDELINE RANGE CONTAINED IN THE PSR.

### 1. The factual finding that a minor faced a substantial risk of harm was not contained in the plea agreement, admitted to by Duenas, or established by the evidence.

The PSR contains an enhancement that violates the holding of Booker. In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant or proved to a jury beyond a reasonable doubt.*" United States v. Booker, 543 U.S. 220, 244 (2005) (emphasis added). In this case, the PSR properly identifies the offense level for renting or managing a drug establishment that manufactures not more than five (5) grams of methamphetamine as fourteen (14). However, the PSR then increases the base offense level to thirty (30) based on a finding that the underlying offense involved the manufacture of methamphetamine and created a substantial risk of harm to life of a minor pursuant to § 2D1.1(b)(10)(D). This enhancement is improper under the Supreme Court's holding in Booker for the following reasons.

First, the facts stipulated to under the plea agreement do not establish a basis for this enhancement. In the plea agreement, Duenas stipulated that "[d]uring the time frame between September 2007 to and including January 7, 2008, Christine M. Duenas intentionally and knowingly made the residence at #26 Consolacion Street, Asan, Guam, available for use by Joshua J.C. Ulloa, Christopher Grantham, Vanessa Tenorio and Jonathan Ninete, with or without compensation, for the purpose of unlawfully manufacturing not more than five (5) grams of methamphetamine." Amended Plea Agreement, p. 5. Nowhere does Duenas stipulate that the manufacturing of methamphetamine created a substantial risk of harm to a minor.

Furthermore, no facts whatsoever are given in paragraph 40 of the PSR to support the finding that the manufacturing of methamphetamine created a substantial risk of harm to a minor child. No specific facts or admissions are set forth in the PSR demonstrating that Duenas's children faced a substantial risk of harm. Instead, the PSR suggests that the children faced a substantial risk of harm merely because they lived at the residence. However, law enforcement officers tested Duenas's children for exposure to lab chemicals; **all tests** came back negative.

Duenas submits that the mere fact that Duenas and her children lived in a home where Ulloa manufactured methamphetamine, standing alone, is insufficient to establish that there was a **substantial** risk her children would be harmed. This is particularly true in this case because the sentence under the enhancement is significant. Specifically, the finding that her children faced a substantial risk of harm by simply living at home increases the sentencing range Duenas would face from a maximum of twenty-one (21) months to approximately nine (9) to ten (10) years in prison. Such an enhancement, without an admission or any direct evidence that a substantial risk of harm was created, violates the Supreme Court's holding in Booker.

2. <u>The factual finding that Duenas participated in the underlying offense was not contained in the plea agreement, admitted to by Duenas or established by the evidence.</u>

The factual finding that Duenas participated in the underlying offense was not contained in the plea, admitted to by Duenas, or established by the evidence. Pursuant to §2D1.8, a defendant is entitled to a four (4) level reduction if she "had no participation in the underlying controlled substance offense other than allowing use of the premises." The PSR states that "[t]he defendant's participation in the underlying offense is more than allowing use of the premises. In this case, the defendant participated in the underlying offense by purchasing medication containing pseudoephedrine." PSR ¶ 39, p. 11. Duenas did not admit to participating in the underlying

controlled substance offense. The sole basis for the PSR's factual finding that Duenas participated in the manufacturing of methamphetamine is that she purchased a box of Sudafed and a box of Claritin. However, there is nothing inherently illegal in the purchase of Sudafed and Claritin. The PSR simply assumes, without any evidence to support the finding, that Duenas purchased Sudafed and Claritin, gave them to Ulloa, who then used the pseudoephedrine to manufacture methamphetamine. There is absolutely **no evidence** directly linking these purchases to the manufacturing of methamphetamine. In fact, Christopher Grantham made a statement to law enforcement agents that "Duenas did not assist with any of the cooks . . . ." PSR ¶ 23. This is consistent with other evidence available that Duenas had no role in the manufacturing of methamphetamine other than letting Ulloa use her home. Accordingly, Duenas is entitled to the four (4) level reduction of her base offense level pursuant to §2D1.8(a)(2).

## II. DUENAS OBJECTS TO THE INCLUSION OF INFORMATION IN THE PSR THAT IS INCORRECT OR IRRELEVANT TO THE OFFENSE SHE PLED GUILTY TO.

Duenas objects to paragraph 14 on the ground that it is irrelevant to the offense to which she pled guilty. The allegations contained in that paragraph relate to a pistol that Joshua Ulloa was holding for Jason Sensei and storing it in bushes outside of the residence. There is no evidence that Duenas knew about the pistol or that it is connected in any way to Duenas.

Duenas objects to paragraph 24 on the ground that it is irrelevant to the offense to which she pled guilty. The allegations contained in that paragraph relate to Grantham manufacturing methamphetamine at Vanessa Tenorio's home. What Grantham did in Vanessa Tenorio's home is irrelevant to the offense Duenas pled guilty to.

Duenas objects to the following items contained in paragraph 26 on the ground that there is nothing to support the finding that they were used to manufacture methamphetamine:

> Item 5: black trash bags
> Item 10: Vision cooking pot
> Item 16: two (2) packages of small zip-lock bags
> Item 20: small glass bowl
> Item 24: one plastic bag with roll of tapes
> Item 25: assorted glassware

Duenas objects to paragraph 59 on the ground that it contains an implication which is completely unfounded. The PSR notes that Duenas's youngest daughter Norma is afflicted with dwarfism. The allegations contained in that paragraph, however, appear to create an inference that Norma's condition is related to her "exposure to 'ice' lab chemicals although her tests were negative." There is absolutely no medical evidence cited to or relied upon to support a link between Norma's dwarfism and the alleged exposure to "ice" lab chemicals. In fact, there is none. See Dwarfism: Causes, http://www.mayoclinic.com/health/dwarfism/DS01012/DSECTION=causes (listing causes of dwarfism)(last visited July 28, 2008).

Finally, Duenas requests that the following corrections be made to paragraph 53. Duenas's brother Gerard Cruz Perez is currently employed by DZSP. Duenas's sister is Juliana Quenga, not Julie Quenga.

## CONCLUSION

Based on the foregoing reasons, Defendant Christine M. Duenas respectfully objects to the sentencing enhancements made on the factual "findings" that her children faced a substantial risk of harm and that she participated in the underlying drug offense, as none of these "findings" were admitted by Duenas nor where they established in her plea agreement. Duenas also requests that the PSR be revised to remove and/or correct the irrelevant and inaccurate information identified above.

Dated at Hagåtña, Guam: July 28, 2008.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *Christine M. Duenas*

_____
為 r JOAQUIN C. ARRIOLA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, a copy of the Defendant Christine Duenas's Objections to Presentence Investigation Report was served upon the following, via hand delivery:

>ROSETTA L. SAN NICOLAS, ESQ.
>Assistant U.S. Attorney
>Office of the United States Attorney
>Criminal Division
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam 96910
>
>UNITED STATES PROBATION OFFICE
>520 W. Soledad Avenue
>Hagåtna, Guam 96910

Dated at Hagåtña, Guam: July 28, 2008.

>ARRIOLA, COWAN & ARRIOLA
>Counsel for Defendant *Christine Duenas*
>
>_____
>LEEVIN TAITANO CAMACHO